AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
District of New Mexico

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| Gabriel T. ROMERO<br>SSN: XXX-XX-3103<br>DOB: XX/XX/1977 | )<br>)<br>)<br>)<br>) | Case No. **23mj1353** |
| *Defendant(s)* | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __October - December 2022__ in the county of __Bernalillo__ in the
_____ District of __New Mexico__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(g) | Felon in Possession of a Firearm and Ammunition |
| 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) | Distribution of 40 Grams or More of Fentanyl |

This criminal complaint is based on these facts:

See attached affidavit.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Noeh Mejia, ATF Special Agent
*Printed name and title*

Telephonically sworn and electronically signed.

Date: August 30, 2023

_____
*Judge's signature*

City and state: Albuquerque, New Mexico    Hon. John F. Robbenhaar, U.S. Magistrate Judge
*Printed name and title*

FILED
United States District Court
Albuquerque, New Mexico

Mitchell R. Elfers
Clerk of Court

Criminal Complaint - Continued.

United States of America
      V.
Gabriel T. ROMERO
DOB: XX-XX-1977

1. I, Noeh Mejia, a Special Agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF), being duly sworn, depose and state:

2. I make this affidavit in support of the arrest of Gabriel T. ROMERO, year of birth 1977 (ROMERO), for violations of 18 U.S.C. § 922(g), Felon in Possession of a Firearm and Ammunition; and 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), Distribution of 40 Grams or More of Fentanyl.

3. I am an ATF Special Agent. I have been employed with ATF since January of 2020. I am an investigative, or law enforcement officer of the United States within the meaning of Title 18, United States Code, Section 2510(7), in that I am an officer of the United States who is empowered by law to conduct investigations and make arrests for the offenses enumerated in Titles 18, 21, and 26 of the United States Code.

4. Through the ATF, I attended the Criminal Investigator Training Program at the Federal Law Enforcement Training Center, as well as the Special Agent Basic Training Program at the ATF National Academy. During these programs, I received instruction in and practiced the investigation of violations of federal firearms, explosives, and arson statutes. Prior to employment with the ATF, I worked as a Medicare and Medicaid Fraud Investigator for the Centers for Medicare and Medicaid Services (CMS) under the United States Department of Health and Human Services (USHHS). I also have a Master's and Bachelor's Degree in Criminology from San Diego State University. My training has involved, among other things: (1) interviewing defendants and witnesses, (2) conducting surveillance, (3) analysis and processing of documentary, electronic, and physical evidence, (4) the legal and illegal purchase of firearms, (5) the execution of arrest and search warrants seeking firearms, and narcotics, and (6) firearms trafficking.

5. The statements contained in this affidavit are based, in part, on information provided by Special Agents and/or Task Force Officers of the ATF and other law enforcement officers, and on my background and experience as a Special Agent of the ATF.

6. This affidavit is intended to show only that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

## CI BACKGROUND

7. The confidential informant (CI) referenced below has cooperated reliably with multiple ATF investigations and is deemed reliable. On prior occasions, the CI has provided information to ATF and other law enforcement agencies that has proven to be accurate and reliable. Further, the CI has participated in prior controlled operations that have led to the seizure of evidence and criminal charges. For purposes of this affidavit, it should be known that the CI is rendering assistance to ATF on their own accord and receiving

Criminal Complaint - Continued.

United States of America
        V.
Gabriel T. ROMERO
DOB: XX-XX-1977

monetary compensation for providing information and participating in controlled operations.

## PROBABLE CAUSE

8. Between the months of October 2022 and December 2022, ATF conducted three controlled purchases from Gabriel T. ROMERO while utilizing a reliable CI.

<u>Count 1: Possession of a Firearm and Ammunition by a Convicted Felon</u>

9. In September 2022, the CI advised me that ROMERO was in possession of three firearms and offered to sell them to the CI.

10. In October 2022, the CI advised me that ROMERO was in possession of one firearm and methamphetamine and offered to sell the firearm and methamphetamine to the CI.

11. In late October 2022, I conducted a controlled purchase while utilizing the reliable CI. The controlled purchase took place in Albuquerque, NM. During this controlled purchase, the CI purchased a Smith &Wesson, model 12-3, .38 special caliber revolver, bearing serial number 3D65196, which was loaded with six rounds of ammunition from ROMERO.

12. In the course of this controlled purchase, I followed the CI from a pre-arranged meeting location to the location where the controlled purchase took place. ROMERO was observed arriving to the location driving a gold Chevrolet Impala sedan. ROMERO parked his vehicle, exited the vehicle and met the CI. ROMERO then walked to the trunk of his vehicle and pulled out from the trunk a black t-shirt that was wrapped around a Smith &Wesson, model 12-3, .38 special caliber revolver, bearing serial number 3D65196. The CI and ROMERO exchanged government funds for the revolver. I maintained surveillance of the meeting and monitored the discussion between the CI and ROMERO.

13. Before and after this controlled purchase took place, ATF SA Nathan Kempton and I searched the CI and their vehicle with negative results for any contraband. I identified the firearm as a Smith &Wesson, model 12-3, .38 special caliber revolver, bearing serial number 3D65196, which was loaded with six rounds of ammunition.

14. I consulted with an ATF Special Agent that has received training in determining the interstate nexus of firearms and ammunition. Based on their training, knowledge, and experience, the agent determined that the above-described firearm and rounds of

Criminal Complaint - Continued.

United States of America
  V.
Gabriel T. ROMERO
DOB: XX-XX-1977

ammunition were not manufactured in the state of New Mexico and therefore traveled in interstate commerce.

### Count 2: Possession of a Firearm by a Convicted Felon

15. In November 2022, the same CI advised ATF agents that ROMERO was in possession of approximately thirteen firearms. The CI provided ATF agents with photographs of the firearms that ROMERO had sent to the CI.

16. In late November 2022, ATF agents conducted a second controlled purchase while utilizing the same reliable CI. The controlled purchase took place in Albuquerque, NM. During this controlled purchase, the CI purchased a Girsan, model MC 28 SA, 9 mm caliber pistol, bearing serial number T6368-21AU06926 from ROMERO.

17. In the course of this controlled purchase, ATF agents followed the CI from a pre-arranged meeting location to a location where the CI and ROMERO arranged to meet. ATF agents observed ROMERO's Chevrolet Impala sedan bearing New Mexico license plate BHFS61 parked at the meeting location. ATF agents then observed ROMERO exit another vehicle parked next to the Chevrolet Impala and enter the driver's side door of his Chevrolet Impala. While at the meeting location, ROMERO was observed exiting his vehicle, opening the trunk, and removing a Girsan, model MC 28 SA, 9 mm caliber pistol, bearing serial number T6368-21AU06926. ROMERO entered the CI's vehicle and the CI and ROMERO exchanged government funds for the pistol. ATF agents maintained surveillance of the meeting and monitored the discussion between the CI and ROMERO.

18. Before and after this controlled purchase took place, ATF SA Nathan Kempton and ATF SA Jonathan Smith searched the CI and their vehicle with negative results for any contraband. ATF agents identified the firearm as a Girsan, model MC 28 SA, 9 mm caliber pistol, bearing serial number T6368-21AU06926. ATF agents examined the pistol and found that it functioned as designed.

19. I consulted with an ATF Special Agent that has received training in determining the interstate nexus of firearms and ammunition. Based on their training, knowledge, and experience, the agent determined that the above-described firearms and rounds of ammunition were not manufactured in the state of New Mexico and therefore traveled in interstate commerce.

Criminal Complaint - Continued.

United States of America
      V.
Gabriel T. ROMERO
DOB: XX-XX-1977

20. I reviewed law enforcement and online court databases and determined that ROMERO has been convicted of the following felony offenses:

    a.    Aggravated Fleeing a Law Officer (D-202-CR-2018-03150), in the 2nd Judicial District Court in the State of New Mexico;

    b.    Receiving or Transferring Stolen Motor Vehicles (D-202-CR-2019-01491), in the 2nd Judicial District Court in the State of New Mexico;

    c.    Receiving or Transferring Stolen Motor Vehicles (D-1329-CR-2020-00003), in the 13th Judicial District Court in the State of New Mexico;

    d.    Trafficking Controlled Substances (Possession with Intent to Distribute) (Narcotic or Methamphetamine) (D-202-CR-2020-02130), in the 2nd Judicial District Court in the State of New Mexico.

21. In the most recent case, D-202-CR-2020-02130, ROMERO received a nine-year suspended sentence with two years of parole and five years of supervised probation.

22. Therefore, there is probable cause to believe that in late October 2022 and late November 2022, ROMERO knowingly possessed the firearms, and probable cause to believe ROMERO had knowledge that he had been convicted of an offense carrying over one year in prison.

Count 3: Possession of a Controlled Substance

23. In late December 2022, I conducted a controlled purchase while utilizing the same reliable CI. The controlled purchase took place in Albuquerque, NM. During this controlled purchase, the CI purchased approximately 1000 fentanyl pills from ROMERO.

24. In the course of this controlled purchase, I followed the CI from a pre-arranged meeting location to the location where the controlled purchase took place. ROMERO was observed arriving to the location driving a gold Chevrolet Impala sedan bearing New Mexico license plate BHFS61. The CI entered ROMERO's vehicle and while inside the vehicle exchanged government funds for the fentanyl pills. I maintained surveillance of the meeting and monitored the discussion between the CI and ROMERO.

25. Before and after this controlled purchase took place, ATF SA Nathan Kempton and I searched the CI and their vehicle with negative results for any contraband. I weighed the

Criminal Complaint - Continued.

United States of America
      V.
Gabriel T. ROMERO
DOB: XX-XX-1977

suspected fentanyl pills purchased from ROMERO and received a total gross weight of 111.8 grams and field-tested positive for fentanyl.

26. Based upon these facts, I believe there is probable cause that Gabriel T. ROMERO, a previously convicted felon, did possess firearms and ammunition that traveled in interstate commerce, in violation of 18 U.S.C. § 922(g), and distributed 40 grams or more of fentanyl, in violation of 21 U.S.C. §§ 841(a) and (b)(1)(B).

Respectfully submitted,

_____
Noeh Mejia, Special Agent
Bureau of Alcohol, Tobacco, Firearms and Explosives

Electronically submitted and telephonically sworn on August 30, 2023:

_____
The Honorable John F. Robbenhaar
UNITED STATES MAGISTRATE JUDGE

5